Filed 12/20/23  Schoenmann v. Orrick, Herrington & Sutcliffe CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for pur-poses of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| E. LYNN SCHOENMANN, as Trustee in Bankruptcy, etc., <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> ORRICK, HERRINGTON & SUTCLIFFE, LLP et al., <br><br>     Defendants and Respondents. | A165552 <br><br> (San Francisco City and County Super. Ct. No. CGC-20-585193) |

Orrick, Herrington & Sutcliffe, LLP represented Anshan Li and his company TA Home, Inc. in a San Mateo County Superior Court action that, following a bench trial, resulted in a $72 million judgment against them.

A couple years later, the court granted a motion to amend the judgment and add two new entities—Li's Capital, LLC and Sunrock Capital, LLC—as additional judgment debtors upon finding they were part of a single enterprise owned and controlled by Li.  Involuntary petitions for bankruptcy were filed against the LLCs.

Bankruptcy trustee E. Lynn Schoenmann then filed the instant action against Orrick and its partner Robert Varian, alleging they had committed malpractice and breached a fiduciary duty to the *LLCs* by failing to preserve their rights to a jury trial in the San Mateo action.

1

The trial court granted defendants' motion for summary judgment. The trustee had introduced no evidence showing Orrick represented the LLCs during the relevant time period in the San Mateo action. We affirm.

## BACKGROUND

### A.

In 2011, Zhize Huang and his company Wuxi Luoshe Printing and Dyeing Co., Ltd. filed an action in San Mateo County Superior Court naming Li and TA Home as defendants. They alleged that Huang and Li jointly owned a business (Standard Fiber) and Li committed fraud when he sold Standard Fiber without notice or compensation to Huang. They also alleged that TA Home was the "successor-in-interest" and "continuation" of Standard Fiber. The complaint did not mention the LLCs.

Orrick (with lead partner Varian) represented Li and TA Home in this action. According to Orrick, it entered into a written engagement agreement with Li in January 2011 to represent him "regarding [his] dispute with Huang and Wuxi Luoshe."

At the outset of the case, Huang and Wuxi Luoshe requested a jury trial, but Li and TA Home requested a bench trial. In 2013, however, Huang and Wuxi Luoshe waived their right to a jury. Orrick filed an ex parte application seeking relief from its prior jury waiver, which was denied. The matter proceeded to a bench trial in March 2013.

Meanwhile, from August 2012 to May 2013, Orrick represented one of the LLCs (Li's Capital) in arbitration proceedings. According to Orrick, these proceedings were "initiated by third parties" and "related to alleged misrepresentations in connection with the sale of Standard Fiber, LLC assets." Neither Huang nor Wuxi Luoshe was a party to the

2

arbitration. There was no written engagement agreement between Orrick and the LLC for this representation.

In September 2015, more than two years after the conclusion of the bench trial in the San Mateo action, the judge issued a proposed statement of decision awarding $68 million in damages to Huang (including prejudgment interest) and $470,000 to Wuxi Luoshe.

In December 2015, Orrick entered into a revised written engagement agreement to represent both Li and TA Home "regarding the claims by Wuxi Luoshe and Huang." According to the trustee, Orrick executed this revised agreement because the proposed statement of decision foreshadowed "a huge judgment that created an actual conflict of interest between [TA Home] and Li as to payment of the judgment."

Orrick has objected to the trustee's requests for production of both the 2011 and 2015 written engagement agreements based on attorney-client privilege.

The final statement of decision and judgment were entered in July 2016. Neither refers to the LLCs. The judgment ultimately awarded $72,560,730 to Huang and $876,315 to Wuxi Luoshe against Li and TA Home.

Li appealed the judgment. Among other things, he argued that the trial court abused its discretion in denying him relief from his jury waiver. The judgment was affirmed in *Wuxi Luoshe Printing & Dyeing Co. v. Anshan Li* (June 25, 2019, A149522) [nonpub. opn.], determining that the record "amply supports the trial court's conclusion that the waiver was deliberate, and defendants had simply changed their minds." (*Id.* at p. 14.)

3

## B.

Huang filed another action in San Mateo County Superior Court against Li and TA Home seeking Li's removal from TA Home's board of directors.

In December 2016, Huang amended the complaint and added the LLCs as defendants. The amended complaint alleged that Li had transferred assets to the LLCs to evade the $72 million judgment and sought to void those transfers.

In January 2017, Li sent Orrick an email stating: "For the amended new case, I think we should defense [*sic*] my LLCs." Orrick subsequently filed an answer to the amended complaint on behalf of Li and the LLCs.

Two months later, Orrick withdrew as counsel in both San Mateo actions after the production of bank records showed certain assets had been inappropriately transferred.

## C.

About two years after the $72 million judgment, in 2018, Huang and Wuxi Luoshe moved to amend the judgment to add the LLCs as additional judgment debtors. The court stated that, "given the representation and participation of Defendants Anshan Li and TA Home Inc. in the Court Trial in this action resulting in the Judgment," the LLCs "were virtually represented in this action and in the Court Trial, and are deemed to have had control of the underlying litigation as there is such a unity of interest and ownership that the separate personalities of the entities do not exist; and an inequitable result will follow if the acts are treated as those of TA Home Inc. alone." The court granted the motion to add the LLCs to the judgment against TA Home under the "single enterprise theory," as TA Home and the LLCs "are sister companies under common control and constitute a Single Enterprise owned and controlled by Anshan Li."

4

After involuntary petitions for bankruptcy were filed against the LLCs, the trustee was appointed for their bankruptcy estates.

## D.

In 2020, the trustee filed this action against Orrick and Varian asserting causes of action for (1) professional legal malpractice and (2) breach of fiduciary duty. The complaint alleged that defendants had failed to preserve the LLCs' rights to a jury trial in the first San Mateo action. The trustee sought $72 million in damages, $14 million in attorney fees paid to Orrick, and "additional interest that accrued as a result of the additional time between trial and judgment as a result of the case being tried to a judge rather than the jury."

Defendants demurred, arguing that the trustee could not show they owed a duty to the LLCs because they did not represent them when the purported malpractice (jury trial waiver) occurred. The trial court overruled the demurrer, explaining it must take allegations from the complaint as true at the demurrer stage, including the allegation that Orrick represented the LLCs from 2011 to 2017.

The trial court later granted defendants' motion for summary judgment. The court explained there was no evidence establishing that Orrick represented the LLCs during the relevant time period in the action or that an attorney-client relationship was established by court order, express agreement, or implied agreement.

## DISCUSSION

### A.

Summary judgment is properly granted when there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c,

5

subd. (c); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)[1]  A defendant moving for summary judgment has the burden of demonstrating that either an essential element of each cause of action cannot be established or that there is a complete defense.  (§ 437c, subds. (b)(1), (p)(2); *Aguilar*, *supra*, at pp. 850, 854.)  Once the moving party has met its burden, the burden shifts to the opposing party to present evidence that demonstrates a triable issue of material fact.  (§ 437c, subd. (b)(3); *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1485.)

The existence of a triable issue of material fact is a legal question that we review de novo.  (*Limited Stores, Inc. v. Franchise Tax Bd.* (2007) 152 Cal.App.4th 1491, 1495–1496.)  On review, we accept as true all facts and reasonable inferences shown by the losing party's evidence and resolve evidentiary ambiguities in their favor.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.)  But to establish a triable issue, the opposing party must do more than attack the credibility of the moving party's evidence.  (§ 437c, subd. (e).)  A triable issue of material fact "can be created only by a conflict in the evidence." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.)

**B.**

The trustee argues there are three triable issues of material fact as to whether Orrick owed a duty to the LLCs that supports the malpractice and breach of fiduciary claims in this action.[2]

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] Defendants ask us to reject these arguments outright for failure to raise them below.  (*California Restaurant Management Systems v. City of San Diego* (2011) 195 Cal.App.4th 1581, 1593, fn. 7.)  In the trial court, the trustee argued that the LLCs were represented by Orrick in the arbitration proceedings and "at

6

**1.**

First, the trustee argues there is a triable issue as to whether each LLC was a "*de facto* third party beneficiary" of the 2011 written engagement agreement between Orrick and Li.  The trustee suggests that this can be inferred from Orrick's representation of TA Home in the first San Mateo action (from 2011 to 2015) and the LLCs in the second San Mateo action (from February to March 2017) without written agreements.

"California courts have uniformly settled upon the following rule: A lawyer has a duty to a nonclient third party only if the client's intent to benefit that third party (in the way the third party asserts in their malpractice claim) is 'clear,' 'certain' and 'undisputed.' " (*Gordon v. Ervin Cohen & Jessup LLP* (2023) 88 Cal.App.5th 543, 556.)  The trustee has presented no evidence showing that Li (or Orrick) intended to benefit the LLCs under the 2011 written engagement agreement.

Nor is it reasonable to infer such intent from Orrick's other representations.  "An issue of fact is not created by speculation, conjecture, imagination, or guesswork[.]" (*Lewis v. County of Sacramento*, *supra*, 93 Cal.App.4th at p. 116.)  Here, the record shows that Orrick eventually formalized its agreement to represent TA Home in the first San Mateo action, and Li told Orrick he wanted to "defense" [*sic*] the LLCs in the second San Mateo action.  This evidence supports the opposite inference: that the 2011 written engagement agreement did not cover the LLCs.

---

every step" of the first San Mateo action through its representation of *Li*.  On appeal, the trustee now argues that Orrick represented the LLCs through its representation of *TA Home*.  Even if arguably forfeited, the arguments also fail on their merits.

## 2.

Next, the trustee argues there is a triable issue as to whether Orrick's representation of TA Home created an "[i]mplied" attorney-client relationship between Orrick and the LLCs.  (*Fox v. Pollack* (1986) 181 Cal.App.3d 954, 959 ["Except for those situations where an attorney is appointed by the court, the attorney-client relationship is created by some form of contract, express or implied, formal or informal"].)

The trustee contends that the San Mateo County Superior Court's addition of the LLCs as debtors to the $72 million judgment is "*prima facie* evidence" of this implied relationship. Defendants challenge the evidentiary use of this ruling as hearsay (Evid. Code, § 1200), while the trustee responds that the ruling establishes facts via issue preclusion.

We are not persuaded that the ruling creates a triable issue of material fact, let alone issue preclusion.  (*Samara v. Matar* (2018) 5 Cal.5th 322, 327 [issue preclusion applies after final adjudication of *identical issue*, actually litigated and necessarily decided, asserted against *party to first suit* or in privity with party].)

The San Mateo County Superior Court addressed a motion to treat the LLCs as alter egos of TA Home for the purpose of adding them as judgment debtors under section 187.  To succeed on such a motion, judgment creditors must show by a preponderance of the evidence that " '(1) the parties to be added as judgment debtors had control of the underlying litigation and were virtually represented in that proceeding; (2) there is such a unity of interest and ownership that the separate personalities of the entity and the owners no longer exist; and (3) an inequitable result will follow if the acts are treated as those of the entity alone.' "  (*Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 280.)  The San Mateo County Superior Court concluded Huang and Wuxi Luoshe had

demonstrated that the LLCs were "virtually represented" in the first action, and found that the LLCs were "sister companies" with TA Home "under common control and constitute a Single Enterprise owned and controlled by Anshan Li."

The trustee cites no authority to support her position that this ruling somehow demonstrates Orrick had an attorney-client relationship with the LLCs. Instead, the trustee relies on case law discussing conflicts of interest: specifically, that related corporations should not be treated as the same entity for conflict purposes unless one is the alter ego of the other. (*Brooklyn Navy Yard Cogeneration Partners v. Superior Court* (1997) 60 Cal.App.4th 248, 257; *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft* (1999) 69 Cal.App.4th 223, 240–241.) But a conflict of interest does not create an attorney-client relationship giving rise to a duty to preserve the rights of that entity in a court action. (See *Morrison*, *supra*, at p. 232 ["[A] conflict of interest ' " . . . may arise from an attorney's relationship with a nonclient" ' "].)

Nor are we otherwise persuaded that the San Mateo County Superior Court's ruling supports such a position. The alter ego doctrine is an exception to the general rule that a corporation's liability is limited to the corporation and does not extend to shareholders or other separate legal entities. (See *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 510.) The doctrine is founded on equitable principles, and it may apply when limiting a corporation's liability would be unfair to a creditor. (*Ibid.*) It does not supply evidence on the specific question here—whether a client (Li or TA Home) and an attorney (Orrick) agreed, expressly or impliedly, that the attorney would represent other legal entities (the LLCs) in a particular matter. Given the (apparent) risk that a court would later apply the alter ego doctrine to the LLCs, maybe Li should have hired Orrick to

represent the LLCs, too. But the alter ego doctrine tells us nothing about whether he did.

**3.**

Finally, the trustee argues there is a triable issue as to whether Orrick had an implied attorney-client relationship with the LLCs based on Orrick's representations of Li and TA Home in the first San Mateo action, and the LLCs in the second San Mateo action. The trustee contends that these representations create an inference that Orrick "recognized a duty to look after" the interests of "all Li's companies and entities, including [the] LLCs, as they would be affected by the litigation." (See *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 336–337 [contract may be implied in fact contract from conduct and circumstances].)

As explained above, the trustee has not presented any evidence showing that the parties intended to create an implied attorney-client relationship between Orrick and the LLCs. The circumstances also contradict any such inference. The LLCs were not named in the first San Mateo action. The addition of the LLCs as judgment debtors occurred five years after Li and TA Home waived a jury trial in that action. Orrick's brief representation of Li, TA Home, and the LLCs in the second San Mateo action also occurred years after the jury waiver.

In sum, we conclude that the trial court did not err in granting summary judgment. We need not reach the parties' other issues.

**DISPOSITION**

The judgment is affirmed. Respondents are entitled to their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

                                                                        BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.

*Schoenmann v. Orrick, Herrington & Sutcliffe, LLP, et al.* (A165552)